**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

KEITH SULLIVAN,            )
                                 )
                Petitioner,     )     3:09-cv-0264-HDM-RAM
                                 )
vs.                           )     **ORDER**
                                 )
JAMES BENEDETTI, *et al.*,     )
                                 )
                Respondents.   )
_____/

     This action is a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 brought by a Nevada prisoner.

     On February 15, 2013, respondents moved for a second time to dismiss the petition in this action following petitioner's return to state court for purposes of exhaustion (ECF No. 34). Petitioner opposes the motion (ECF No. 42) and respondents have replied (ECF No. 45).

**I.**     **Procedural History**

     A.     <u>State Court Proceedings</u>

     Petitioner was convicted on his guilty pleas in three separate, but jointly negotiated criminal actions.  He pled guilty6 to three counts of possession of a stolen vehicle: In case CR06-1330 for possession of a 1995 Mitsubishi (the Mitsubishi case); in case number CR06-1410 for possession of a 1995 Chevrolet Tahoe (the Tahoe Case); and in case number CR06-1412 for possession of a Ford

1  Econoline van (the van case).  Exhibits 5 and 10, 8 and 11, 9 and 12, respectively.[1]  The guilty pleas
2  were entered on June 28, 2006.  Ex. 13.

3      Petitioner was sentenced in all three cases on August 16, 2006.  In case number CR06-1330,
4  he was sentenced to 48-120 months and given a fine of $1000; in case number CR06-1410 he was
5  sentenced to 48-120 months; and, in case number CR06-1412 he was sentenced to 16-72 months to
6  run consecutive to his sentence in CR06-1410 and ordered to pay $5,068.62 in restitution.  Ex. 15.
7  The three judgments of conviction were entered that same day.  Exs. 16, 17 and 18.

8      Petitioner appealed all three convictions.  Ex. 19.  He raised the same two issues in each
9  appeal: (1) The Court abused its sentencing discretion; and (2) The district court erred in awarding
10  restitution for the costs which might have been charged if the victim had used a professional repair
11  company, but which were not incurred because the victim did the job himself for much less money.
12  Ex. 28.  The Nevada Supreme Court consolidated the appeals, ex. 29, and affirmed the convictions,
13  remanding to the trial court to recalculate the restitution.  Ex. 32.  Remittitur issued on February 7,
14  2007.  An amended judgment of conviction in case CR06-1412 was entered on February 22, 2007,
15  ordering restitution in the amount of $735.09.  Ex. 36.

16      A post-conviction petition was filed in all three cases on March 14, 2007, raising claims of
17  ineffective assistance of counsel and a due process violation for failure to suspend proceedings under
18  NRS 178.405 in order to establish the competency of the defendant.  Ex. 38. In a June 1, 2007,
19  supplemental petition, additional claims of ineffective assistance of counsel were added.  Ex. 45.
20  Counsel was then appointed and a second supplemental petition was filed.  Ex. 49.  The petitions
21  were denied on April 9, 2008, ex. 52, and petitioner appealed.  The cases were once again
22  consolidated by the Nevada Supreme Court.  Ex. 63.

23      On appeal, petitioner claimed:

24
25      [1] The exhibits referenced in this Order were submitted by respondents in support of their original motion to dismiss and as supplemented in support of this second motion to dismiss.  The exhibits are found in the Court's record at entries 12, 13, 35, 36 and 38.
26

1.     The district court abused its discretion in denying appellant Sullivan an evidentiary hearing on the following issues: Validity of the guilty plea; duty to investigate; bias of sentencing court; failure to mitigate sentence; actual innocence on the Mitsibishi; valuation of the van.

2.     The process utilized by the district court violated the due process rights of appellant Sullivan and facilitate [sic] a coerced guilty plea.

3.     The district court was biased against Sullivan. Recusal was appropriate.

4.     Counsel failed to adequately investigate the charges prior to recommending a guilty plea.

5.     Sullivan was improperly sentenced on the possession of stolen motor vehicle case involving the van.

Ex. 62, pp. 6-7.

The Nevada Supreme Court affirmed the trial court's decision and remittitur issued on May 19, 2009. Exs. 68 and 69.

      B.    <u>Federal Court Proceedings</u>

On May 18, 2009, the instant proceedings were initiated by petitioner. ECF No. 4. On June 30, 2009, an amended petition was filed (ECF No. 8) and a response was ordered (ECF No. 3). Respondents moved to dismiss the amended petition, arguing that certain grounds for relief were unexhausted. ECF. No. 11. The petitioner conceded that his grounds were unexhausted and moved to stay the proceedings to allow him to return to state court. ECF No. 17. Although opposed by respondents (ECF No. 19), the stay was granted (ECF No. 21) on March 18, 2010.

On September 28, 2012, petitioner returned to this Court, filing an application to proceed in *forma pauperis* (ECF No. 24), a "successive" petition (ECF No. 25), a motion for appointment of counsel (ECF No. 26), and a motion to abate the stay (ECF No. 28).[2] With no opposition posed by the respondents (ECF No. 29), the matter was reopened and a response to the 2d petition was

---

[2] Petitioner has identified his most recent petition as successive. However, it is not successive, but a second amended petition. It shall be identified as 2d petition herein.

3

1  ordered (ECF No. 29).  The instant motion to dismiss (ECF No. 34) was filed and is fully briefed.

2  **II.    Discussion**

3      Respondents move to dismiss the 2d petition claiming that ground one is improperly pled,

4  unexhausted or redundant, that grounds two and four are barred by the holding of *Tollett v.*

5  *Henderson*, 411 U.S. 258 (1973); that ground six has been procedurally defaulted; and, that ground

6  three is conclusory.

7      A.    Ground One

8      Ground one of the 2d  petition reads:

9          I allege that my state court conviction and/or sentence are
           unconstitutional, in violation of my 6th and 14th Amendment right to
10         Effective Assistance of Counsel based on these facts:

11         I re-allege the grounds and supporting information in my petition for
           writ of habeas corpus filed on June 1, 2007.
12

13  2d  Petition (ECF No. 15), p. 3.[3]

14      Respondents seek dismissal of this ground for relief because petitioner has failed to properly

15  plead any claim for relief.  Specifically, respondents argue that this attempt to incorporate habeas

16  claims by reference to a state court petition which is not attached to the 2d petition violates Rule 2(c)

17  of the Rules Governing Sections 2254 Cases (the Rules), is in contravention of the Advisory Notes

18  of Rule 4 of the Rules and does not comply with the Local Rules of Practice, Rule 15-1(a).

19          1.    *Rules Governing Section 2254 Cases*

20      Rule 2(c) of the Rules provides that "the petition must: (1) specify all the grounds for relief

21  available to the petitioner; (2) state the facts supporting each ground; (3) state the relief requested (4)

22  be printed, typewritten, or legibly handwritten; and (5) be signed under penalty of perjury by the

23  petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242."

24  _____

25      [3] In this order and in the respondents' briefing, the page numbers that are identified are the page numbers
    assigned by the court's electronic filing system, found at the top of each page.
26

1    When petitioner simply refers the court to a previously filed state court petition, respondents

2    contend that petitioner has failed to fully set forth his grounds for relief or the facts that support the

3    grounds, as required by this rule.

4    Rule 4 of the Rules requires the district court to review the petition before it is served to

5    determine its initial viability.  Under the rule, if it plainly appears from a review of the petition and

6    its exhibits that the petitioner is not entitled relief, the court is directed to dismiss the petition before

7    it is served. The Advisory Notes following Rule 4 of the Rules allows the Court to dismiss any

8    petition, after reviewing the petition and any exhibits *attached* to the petition, including such things

9    as transcripts, sentencing records and copies of state court opinions.  Respondents argue that the June

10   1, 2007, state court petition (the 2007 petition) should not be incorporated into the 2d  petition

11   because it is not attached to it.

12                    2.    *Local Rules of Civil Practice*

13   The rules that govern the practice before the Federal District Court of Nevada require that an

14   amended pleading be complete in itself without reference to any prior pleading.  The court will not

15   refer to a prior pleading once it has been amended.  *See* LR 15-1(a).[4]  Respondents argue that in

16   order to comply with this rule, the 2d petition must have the claims of the 2007 petition set out in

17   their entirety so that the court need not refer to that earlier petition.

18   In opposing the motion, petitioner concedes that he did not set out the grounds in full and

19   moves the Court to permit him to supplement the petition to "incorporate the grounds of the earlier

20   (June 1st, 2007) petition."  Opposition (ECF No. 42), p. 2.

21   Prisoner pro se pleadings are given the benefit of liberal construction. *Erickson v. Pardus*,

22

23   [4]  Rule 15-1(a) reads:

24        Unless otherwise permitted by the Court, the moving party shall attach
          the proposed amended pleading to any motion to amend, so that it will
          be complete in itself without reference to the supersed[ed] pleading.
25        An amended pleading shall include copies of all exhibits referred to in
          such pleading.

26

551 U.S. 89, 94, 127 S.Ct. 2197 (2007) (per curiam) ("A document filed pro se is to be liberally

construed"); see also *Corjasso v. Ayers*, 278 F.3d 874, 878 (9th Cir.2002) (" Pro se habeas

petitioners may not be held to the same technical standards as litigants represented by counsel.");

*United States v. Seesing*, 234 F.3d 456, 462 (9th Cir.2001) ("Pro se complaints and motions from

prisoners are to be liberally construed.").

However, in construing pro se petitions liberally, the petitioner is not entitled to the benefit of

every conceivable doubt; the court is obligated to draw only reasonable factual inferences in the

petitioner's favor. *McKinney v. De Bord*, 507 F.2d 501, 504 (9th Cir.1974). Cf. Fed. Rule Civ. Proc.

8(f) ("All pleadings shall be so construed as to do substantial justice"). Amendment of a petition

should be freely granted if justice requires. Fed.R.Civ.P. 15(a); *Bonn v. Calderon*, 59 F.3d 815, 845

(9th Cir. 1995).

In light of petitioner's pro se status and giving him the benefit of these rules, the motion to

supplement the petition will be granted. Petitioner shall be given an opportunity to amend his

petition to fully incorporate the claims he raised in his 2007 petition, subject to the outcome of this

motion to dismiss. However, because the substance of the 2007 claims is available in the court

record, the alternative arguments against this ground for relief shall be considered before the

parameters of the amendment can be determined.

3.     *Exhaustion*

In their alternative argument against ground one, respondents argue that petitioner's claim

that he was not in "possession" of a stolen vehicle is unexhausted. This claim appears as ground two

of the 2007 petition.

A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has

exhausted his available state remedies for all claims raised. *Rose v. Lundy*, 455 U.S. 509 (1982); 28

6

U.S.C. § 2254(b).[5]  "A petitioner has satisfied the exhaustion requirement if (1) he has 'fairly presented' his federal claim to the highest state court with jurisdiction to consider it, or (2) he demonstrates that no state remedy remains available." *Johnson v. Zenon,* 88 F.3d 828, 829 (9th Cir.1996).  To fairly present a federal claim to the state court, the petitioner must alert the court to the fact that he asserts a claim under the United States Constitution.  *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999), *cert. denied*, 529 U.S. 1009 (2000), *citing Duncan*, 513 U.S. at 365-66.  The petitioner must make the federal nature of the claim "explicit either by citing federal law or the decisions of the federal courts."  *Lyons v. Crawford*, 232 F.3d 666, 668 (9th Cir. 2000), *amended*, 247 F.3d 904 (9th Cir. 2001).  Additionally, a pro se petitioner may exhaust his claim by citing to State case law which applies the federal standard.  *Peterson v. Lampert,* 319 F.3d 1153, 1158 (9th Cir.2003) ("citation to a state case analyzing a federal constitutional issues serves the same purpose as a citation to a federal case analyzing such an issue").

In ground two of the  2007 petition, petitioner wrote:

> I was fully and demonstrably innocent of being in possession of a vehicle.  All I did was tell a police officer where a vehicle was and that I did not know where the driver of the vehicle went to.  I never was in possession of the vehicle as the statute clearly and expressly requires.

Ex. 45, p. 11.

---

[5] 28 U.S.C. § 2254(b) states, in pertinent part:
   An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that: (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available state corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

* * *

   (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

1    In opposing dismissal, petitioner argues that this ground must be exhausted because this

2  Court did not direct him to return to state court to exhaust it and his counsel in the second state court

3  proceedings assured him that she was acting in compliance with this Court's order.

4    This argument is unpersuasive.  In deciding the first Motion to Dismiss, this Court found that

5  grounds one, two and three of the amended petition were unexhausted.  It was ground four of the

6  amended petition which claims that counsel was ineffective for failing to investigate the allegations

7  concerning the Mitsubishi.  However, that claim does not allege that petitioner never was in

8  possession of the vehicle.  Rather it alleges that petitioner did not know or have reason to know it

9  was stolen.  *See* Amended Petition (ECF No. 8), p. 10.  That is a different assertion of fact, entirely.

10    The claim that petitioner was never in possession of the vehicle was not presented to the

11  Nevada Supreme Court in either the Fast Track Statement filed in the appeal of his state post-

12  conviction proceedings (ex. 62) or in his appeal of the second state proceedings (ex. 107).

13    In the Fast Track Statement on petitioner's first post-conviction appeal (ex. 62), petitioner

14  informed the Nevada Supreme Court that "Sullivan maintains his innocence on that charge and

15  alleged he was in possession of the vehicle on that date but did not know or have reason to know that

16  the car was stolen." Ex. 62, p. 3 (emphasis added).   The second post-conviction proceedings appeal

17  focused on the van conviction and makes little mention of the Mitsubishi case, to which this claim

18  refers.  *See* Exhibit 107.  Thus, the claim that petitioner was not in possession of the vehicle was not

19  exhausted in that appeal either.  The claim is unexhausted and shall be dismissed.

20        4.    *Redundancy*

21    Respondents also argue that the allegation in the 2007 petition that counsel was ineffective

22  for not investigating the value of the van prior to advising petitioner to plead guilty (Ground Four of

23  the 2007 petition) is redundant of the claim he raises in ground three of the instant 2d  petition.

24  Petitioner does not address this argument in his opposition.

25    A comparison of ground four of the June 1, 2007 petition with ground three of the 2d

26

8

1  petition suggests a similar contention; both argue that counsel failed to investigate the value of the

2  vehicle before the entry of plea.  However, considering the arguments of respondents related to

3  ground three, *infra.*, and this Court's conclusion about those arguments, petitioner will be permitted

4  to include ground four of the 2007 ptn for review.

5       In his third amended petition, petitioner will be allowed to incorporate  grounds one, three

6  and four from his 2007 petition.  Ground two of the 2007 petition may not be incorporated, as it has

7  never been presented to the Nevada Supreme Court for consideration.

8       B.     Grounds Two and Four

9            1.    *Guilty Plea's Impact on Habeas Claims*

10      Respondents argue that ground two and "at least in part" ground four of the 2d petition are

11  barred by the holding of *Tollett v. Henderson,* 411 U.S. 258, 93 S.Ct. 1602 (1973).  Citing *Burrow v.*

12  *Engle*, 454 F.2d 552, 553 (6th Cir. 1976), they assert that a guilty plea is a "break in the chain of

13  events which proceeds [sic] the plea in the criminal process" precluding petitioner from raising

14  claims of constitutional deprivations which occurred before the entry of plea.

15      One who pleads guilty cannot challenge pre-plea constitutional violations on habeas corpus.

16  *Tollett v. Henderson*, 411 U.S. 258, 267, 93 S.Ct. 1602 (1973); *Hudson v. Moran*, 760 F.2d 1027,

17  1029-30 (9th Cir. 1985).  A petitioner who has pled guilty may only contend that his guilty plea was

18  not voluntary and intelligent, *see e.g., Hill v. Lockhart*, 474 U.S. 52, 56, 106 S.Ct. 366, 369 (1985);

19  *Boykin v. Alabama*, 395 U.S. 238, 242-43, 89 S.Ct. 1709, 1711-12 (1969), or contend that the advice

20  he received from his counsel was ineffective in violation of the Sixth Amendment.  *See, e.g.,*

21  *McMann v. Richardson*, 397 U.S. 759, 771, 90 S.Ct. 1441, 1449 (1970); *Tollett*, 411 U.S. at 267, 93

22  S.Ct. at 1608; *Hudson*, 760 F.2d at 1030.

23            a.    Ground Two

24      In ground two of the 2d petition, petitioner claims he was denied the effective assistance of

25  counsel because he is

26

9

1                 legally and factually innocent of the charge of [NRS] 205.273(4) as the value of the vehicle was less than the requisite $2,500.00

2                 required to be a category B felony; but petitioner admits he was guilty of N.R.S. 205.273(3), a category C felony carrying a lesser

3                 sentence.

4   ECF No. 25, p. 5.

5         The claim is not a claim of ineffective assistance of counsel.  Petitioner offers no facts to

6  show how or why counsel was ineffective. It is a simple claim of innocence.

7         Petitioner opposes dismissal, contending that he has always maintained that his plea was not

8  knowing or voluntary in the van case because he was ignorant of the value of the vehicle and because

9  his counsel did not inform him of the value of the van or the legal distinctions in the subparts of NRS

10  205.273, pertaining to the possible penalties.

11         Although petitioner's representation about his knowledge of the facts and the law

12  surrounding the Ford van at the time of his plea may be honestly argued, that is not the claim he

13  raises in ground two of his 2d petition.  While heading the claim ineffective assistance of counsel,

14  petitioner has not provided any facts in this claim suggesting that counsel gave him bad advice based

15  on mistaken facts.  Rather, his claim of actual innocence is a direct contradiction to the guilty plea he

16  entered to the charges in June of 2006.  *See* Ex. 13, pp. 10-13.

17         Under *Tollett*, the focus of a federal habeas inquiry on a guilty plea is the "nature of the

18  advice and the voluntariness of the plea, not the existence" of a constitutional infirmity which

19  occurred prior to the plea.

20         Ground two must be dismissed, as it was waived when petitioner entered his guilty plea.

21                       b.       <u>Ground Four</u>

22         Ground four of the 2d petition is a claim that petitioner received ineffective assistance of

23  counsel because counsel failed to adequately investigate the allegations concerning the 1995

24  Mitsubishi case.  Petitioner further alleges that he is actually innocent of the charges because he did

25  not know or have reason to know that the car was stolen.

26

1
2
3
4

> If a prisoner pleads guilty on the advice of counsel, he must demonstrate that the advice was not 'within the range of competence demanded of attorneys in criminal cases,' Counsel's failure to evaluate properly facts giving rise to a constitutional claim, or his failure properly to inform himself of facts that would have shown the existence of a constitutional claim, might in particular fact situations meet this standard of proof.

5  *Tollett,* 411 U.S. at 266-67 (*quoting McMann v. Richardson*, 397 U.S. 759, 771, 90 S.Ct. 1441, 1449

6  (1970).

7  As discussed above, petitioner's claim of actual innocence in the Mitsubishi case was waived

8  by his guilty plea. The actual innocence part of this claim will be dismissed as those allegations do

9  not support any inference that the guilty plea was involuntary or unknowing.  The balance of the

10  claim may proceed.

11  D.    Ground Three

12  Ground three alleged a denial of effective assistance of counsel and reads:

13
14
15
16
17

> The court relied upon suspect evidence in sentencing petitioner on a category B felony. Counsel failed to adequately investigate the value of the vehicle, petitioner was sentenced to the improper category of charge and his (my) sentence was improperly enhanced to a category B felony by the court.  Petitioner is entitled to a reduced sentence under a category C felony, 1-5 years in prison as a maximum. Petitioner's plea was thusly induced coerced and/or not voluntarily or intelligently entered.  USCA VI & XIV.

18  2d Petition (ECF No. 25), p. 7.

19  Respondents argue that ground three of the petition must be dismissed because it is

20  conclusory, because the claim fails to identify the "suspect evidence" which petitioner claims the

21  court improperly relied upon in sentencing.

22  Petitioner argues that the claim is not conclusory, and he identifies the suspect evidence to be

23  the guilty plea memorandum, which indicates that the value of the van was in excess of $2,500.00, a

24  fact proved false, according to petitioner, by the Kelley Blue Book or the "carfax.com report."

25  A petitioner must state specific, particularized facts which entitle him or her to habeas corpus

26

11

1  relief for each ground specified. *Blackledge v. Allison*,  431 U.S. 63, 76, 97 S.Ct. 1621, 1630 (1977)

2  (citing Advisory Committee Note to Rule 4, Rules Governing Habeas Corpus Cases). Conclusory

3  allegations not supported by a statement of specific facts do not warrant habeas corpus relief.  *Jones*

4  *v. Gomez*, 66 F.3d 199, 205 (9th Cir. 1995), *cert. denied*, 517 U.S. 1143 (1996); *see also Adams v.*

5  *Armontrout,* 897 F.2d 332, 334 (8ᵗʰ Cir. 1990).

6         Petitioner's opposition to dismissal seeks to amend his claim to include the more specific

7  facts which will support his claim. In consideration of petitioner's pro se status and because the

8  Court has already decided to allow amendment of his petition to fully incorporate the claims of his

9  2007 petition, he will also be allowed to amend ground three of the 2d petition to specifically

10  identify what "suspect evidence" he believe the court relied upon at sentencing.  Fed.R.Civ.P. 15(a);

11  *see Bonin*, 59 F.3d at 844-45 (court should freely give leave to amend if justice requires). This claim

12  will not be dismissed at this time.

13         D.    Ground Six

14         Finally, respondents move to dismiss ground six as procedurally defaulted.

15             1.    *Procedural Default*

16          Generally, "a state prisoner's failure to comply with the state's procedural requirements in

17  presenting his claims may result in the claims being barred from habeas corpus review in federal

18  court by the adequate and independent state ground doctrine." *Schneider v. McDaniel*, 674 F.3d

19  1144, 1152 (9th Cir.2012) (citing *Coleman v. Thompson*, 501 U.S. 722, 731–32, 111 S.Ct. 2546

20  (1991)).  A federal court will not review a claim for habeas corpus relief if the decision of the state

21  court regarding that claim rested on a state law ground that is independent of the federal question and

22  adequate to support the judgment.  *Coleman v. Thompson*, 501 U.S. 722, 730-31 (1991).

23         To overcome a procedural default, a petitioner must establish either (1) "cause for the default

24  and prejudice attributable thereto," or (2) "that failure to consider [his defaulted] claim[s] will result

25  in a fundamental miscarriage of justice." *Harris v. Reed*, 489 U.S. 255, 262 (1989) (citations

26

omitted).  Cause to excuse a procedural default exists if a petitioner can demonstrate that some objective factor external to the defense impeded the petitioner's efforts to comply with the state procedural rule.  *Coleman v. Thompson*, 501 U.S. 722, 753 (1991); *Murray v. Carrier*, 477 U.S. 478, 488 (1986).  The prejudice that is required as part of the showing of cause and prejudice to overcome a procedural default is "actual harm resulting from the alleged error."  *Vickers v. Stewart*, 144 F.3d 613, 617 (9th Cir. 1998); *Magby v. Wawrzaszek*, 741 F.2d 240, 244 (9th Cir. 1984).

Ground six claims that appellate counsel was ineffective for failing to rise issues on direct appeal related to of the value of the Ford Econoline van, the trial court's apparent bias and the jurisdiction of the court to impose a sentence in excess of the 1-5 years category C felony "on this set of facts."  It was presented to the Nevada Supreme Court on appeal from petitioner's second post-conviction petition during the stay of these proceedings. Ex. 107.

Although the trial court considered the claim on its merits and denied it, the Nevada Supreme Court determined that the trial court should have dismissed the petition out-of-hand as untimely and successive under NRS § 34.726 and § 34.810.  Ex. 112, pp. 1-2.  These procedural rules have been found to be independent and adequate grounds to deny relief that are consistently applied by the state court. *See Vang v. Nevada*, 329 F.3d 1069, 1074-75 (9th Cir. 2003); *Pellegrini v. State,* 117 Nev. 860, 34 P.3d 519 (2001); *Bargas v. Burns*, 179 F.3d 1207 (9th Cir. 1999).

The Nevada Supreme Court determined that petitioner could not overcome the procedural bar through his claim of actual innocence, given that he pled guilty to the charge in a "global negotiation that allowed him to avoid habitual criminal adjudication," and he could not show that he was factually innocent of the charge of possessing a stolen vehicle.  *Id.* at 2.  The court further concluded that the denial of the petition by the trial court had not been in error because the decision was supported by substantial evidence that petitioner received effective assistance of counsel during the plea negotiations. *Id.*  This claim is procedurally defaulted.

As an alternative to a showing of cause and prejudice, a petitioner may qualify for relief from

13

1    a procedural default if he can show that the procedural default would result in a "fundamental

2    miscarriage of justice." *Schlup v. Delo*, 513 U.S. 298, 321, 115 S.Ct. 851 (1995). To qualify for this

3    exception to the procedural default rule, however, the petitioner must show that a constitutional

4    violation has "probably resulted" in his conviction when he was "actually innocent" of the offense.

5    *Murray v. Carrier*, 477 U.S. 478, 496, 106 S.Ct.  2639 (1986). A claim of actual innocence will not

6    be considered credible unless it is supported with "new reliable evidence" such as critical physical

7    evidence or exculpatory eye-witness or scientific evidence not presented at trial. *Schlup*, 513 U.S. at

8    324, 115 S.Ct. 851.

9            Petitioner argues that a fundamental miscarriage of justice in his case is evidenced by his

10   appellate counsel's testimony during the evidentiary hearing admitting that she had not investigated

11   the actual value of the vehicle before advising petitioner to plead guilty to the category B felony,

12   where the true value of the vehicle would have qualified for only a category C felony, carrying a

13   lesser penalty.  This testimony may qualify as new eye-witness evidence, as is required by *Schlup.*

14           In *Blousley v. U.S.* the United States Supreme Court allowed that a petitioner who had pled

15   guilty may be able to overcome a procedural bar to his claims through a showing of actual

16   innocence. 523 U.S. 614, 118 S.Ct. 1604 (1998).  Noting that a voluntary and intelligent plea, freely

17   given, would generally preclude a constitutional attack on the plea's validity, 523 U.S. at 618, the

18   Court found that if a defendant was misinformed about the essential elements of the charge, and

19   neither he nor his counsel understood what those essential elements were, the plea would be

20   unconstitutional.  *Id.* at 619; *see also Brady v. United States,* 397 U.S. 842, 748, 90 S.Ct. 1463, 1469

21   (1970); *McMann v. Richardson,* 397 U.S. 759, 90 S.Ct.1441 (1970); *Parker v. North Carolina*, 397

22   U.S. 790, 90 S.Ct. 1458 (1970).  However, the Court has also said that if the plea was entered on the

23   advice of competent counsel and after full consideration of the evidence produced by the State, with

24   a full understanding of the charges, the penalties that will be faced, and if an apparent benefit to the

25   defendant is derived from the plea, it cannot be said the that plea was not intelligently given.  *See*

26

14

1    *Brady,* 397 U.S. at 756-757 ("A defendant is not entitled to withdraw his plea merely because he

2    discovers long after the plea has been accepted that his calculus misapprehended the quality of the

3    state's case or the likely penalties attached to alternative courses of action.").

4         Where the question of overcoming the procedural bar to hearing the claim rests on the

5    competence of counsel, as it does here, and where the procedurally defaulted claim is that counsel

6    was incompetent in failing to investigate the value of the vehicle in preparing the claims on appeal,

7    the court will save its determination on the procedural bar until the issue of the competence of

8    counsel can be examined more closely.  Therefore, the respondents will be required to answer the

9    claim.  In the answer and reply, the parties will also be permitted to renew their arguments as to the

10   procedural bar in those pleadings.

11        The decision on the dismissal of this claim shall be deferred until further briefing is

12   submitted.

13   **III.    Conclusion**

14        Respondents' motion to dismiss will be granted in part and denied in part.  Petitioner's

15   motion to amend his petition will be granted.  Petitioner may amend ground one of the petition to

16   incorporate grounds one, three and four of his 2007 petition.  Ground two and the actual innocence

17   claim in ground four of the 2d petition will be dismissed.  Ground three may be amended.

18        **IT IS THEREFORE ORDERED** that respondents' Motion to Dismiss (ECF No. 34) is

19   **GRANTED IN PART AND DENIED IN PART**. Ground two and the actual innocence claim of

20   ground four are **DISMISSED WITH PREJUDICE.**

21        **IT IS FURTHER ORDERED** that petitioner shall be granted thirty days to file a Third

22   Amended Petition which will incorporate and fully set out grounds one, three and four of his 2007

23   petition.  Ground two of that petition, in so far as it may have been incorporated by reference into the

24   2d petition, is **DISMISSED** as unexhausted.  Petitioner may amend ground three of the 2d petition.

25   The Clerk shall **send** to petitioner a copy of the form for filing a section 2254 habeas petition. The

26

1  amended petition shall be identified as "Third Amended Petition" and shall reference the case

2  number assigned to this action.

3      **IT IS FURTHER ORDERED** that respondents shall have thirty days after the filing of the

4  Third Amended Petition to file their Answer, which may include any procedural defenses that may

5  be appropriate.  The Answer will address the merits of each claim.

6      **IT IS FURTHER ORDERED** that petitioner will have thirty days after the filing of the

7  Answer to file his Reply.

8      Dated, this 14th day of August, 2013.

9

10                                    _____
                                      UNITED STATES DISTRICT JUDGE
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

                                    16