**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

KEITH WILLIAM SULLIVAN,     )     3:09-cv-00264-HDM-WGC
                    )
          Petitioner,  )
                    )     ORDER
vs.                  )
                    )
JAMES BENEDETTI, et al.,    )
                    )
          Respondents. )
_____)

     This action is a pro se petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by a Nevada state prisoner. Before the court is the petitioner's third amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. #47). Respondents have answered the petition (Doc. #51), and petitioner has filed a response (Doc. #54).

**I. Procedural History**

     In June 2006, petitioner was charged in three separate criminal actions with possession of a stolen motor vehicle in violation of Nev. Rev. Stat. § 205.273.  (Exs. 5 & 8-9).[1]  The first case involved a Mitsubishi, the second involved a Chevrolet

_____

     [1] The state court record was submitted as exhibits to the respondents' motions to dismiss.  Those exhibits are located at Doc. #12, #13, #35, #36 & #38.

1

Tahoe, and the third involved a Ford Econoline van.  Before the informations were filed, petitioner's attorney negotiated a plea deal to resolve all three cases.  (Exs. 4, 6-7 & 10-12).  Pursuant to the plea agreements, petitioner agreed to plead guilty to Category B violations of § 205.273, which criminalized possession of a stolen vehicle in excess of $2,500.00.  Petitioner also agreed to waive the preliminary hearing, and the state agreed not to pursue a habitual offender enhancement that would have been available based on petitioner's criminal history.  (Exs. 4, 6-7 & 10-12).  Petitioner entered his change of plea on June 28, 2006. (Ex. 13).  On August 16, 2006, petitioner was sentenced to 48-120 months in the Mitsubishi case, a consecutive 48-120 months in the Chevrolet case, and a consecutive 16-72 months in the Ford van case.  (Ex. 15).  Judgments of conviction were entered in each case that same date.  (Exs. 16-18).

Petitioner appealed the convictions.  (Ex. 19 & 28).  The Nevada Supreme Court affirmed in part, vacated in part, and remanded for a recalculation of the restitution award in the Ford van case.  (Ex. 32).  On February 22, 2007, an amended judgment of conviction was entered in the Ford van case.  (Ex. 36).

Petitioner filed a petition for writ of habeas corpus in the state court on March 14, 2007; the petition was later supplemented on June 1, 2007, and December 14, 2007. (Exs. 38, 45 & 49).  The state court denied the petition in its entirety without conducting an evidentiary hearing.  (Ex. 52).  Petitioner appealed to the Nevada Supreme Court, which on April 21, 2009, affirmed the denial. (Exs. 54-55, 62 & 68).  Remittitur issued on May 19, 2009.  (Ex. 69).

On May 18, 2009, petitioner filed a federal habeas petition, initiating this action. (Doc. #1). Petitioner filed an amended petition on June 30, 2009. (Doc. #8). Respondents moved to dismiss, arguing that some of petitioner's grounds for relief were unexhausted. (Doc. #11). Petitioner acknowledged that some grounds were unexhausted and requested a stay and abeyance so he could exhaust those claims. (Doc. #17). The court granted the motion to dismiss and the motion to stay. (Doc. #21).

On May 18, 2010, petitioner filed his second state habeas petition with the state district court. (Ex. 75). Counsel was appointed and the petition was later supplemented. (Exs. 77-78). Petitioner's claims relied, in part, on an assertion that the Ford van was worth less than $2,500.00, and therefore petitioner should have been sentenced as a Class C felony instead of Class B. The district court conducted an evidentiary hearing. Trial counsel testified, as did an expert as to the value of the Ford van. (Ex. 93). Ultimately, the court denied the second habeas petition on the merits, and petitioner appealed to the Nevada Supreme Court. (Exs. 94, 96 & 107). On July 26, 2012, the Nevada Supreme Court concluded that the district court erred by not dismissing the petition as untimely and successive and thus procedurally barred. (Ex. 112). In the alternative, the Nevada Supreme Court held separately and independently that the district court's ruling on the merits was correct. *Id.* Remittitur issued on August 21, 2012. (Ex. 113).

On September 28, 2012, petitioner filed his second amended petition in this court. (Doc. #28). Following the court's ruling on the respondents' motion to dismiss the second amended petition

(Doc. #46), petitioner filed his third amended petition (Doc. #47).

The third amended petition asserts four grounds for relief, which are entitled: (1) Ground One; (2) Ground Three; (3) Ground Four; and (4) Amended Ground Three.  Respondents assert procedural and merits-based defenses to all grounds, arguing that some of the claims are untimely, all of the claims are unexhausted, and any claims the court determines *are* exhausted are either procedurally defaulted or without merit.[2]

**II. Standards**

A. <u>Timeliness</u>

The Antiterrorism and Effective Death Penalty Act ("AEDPA") amended the statutes controlling federal habeas corpus practice to include a one-year statute of limitations on the filing of federal habeas corpus petitions.  With respect to the statute of limitations, the habeas corpus statute provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to

---

[2] The court notes that in its last order in this case it advised the petitioner that under Local Rule 15-1(a), an amended pleading supersedes a prior pleading and that the "court will not refer to a prior pleading once it has been amended."  (Doc. #46 at 5).  In fact, a substantial basis for moving to dismiss the second amended petition was the fact that petitioner did not set forth the entirety of his claims within the four corners of his petition and chose instead to refer to other documents as the basis for his claims.  Petitioner has thus been advised that the third amended petition supersedes any and all prior petitions.  As petitioner was aware before filing his third amended petition that the petition had to contain all of his claims in full, the court does not consider any claims raised in prior petitions.

4

filing an application created by State action
in violation of the Constitution or laws of the
United States is removed, if the applicant was
prevented from filing by such State action;

(C) the date on which the constitutional
right asserted was initially recognized by the
Supreme Court, if the right has been newly
recognized by the Supreme Court and made
retroactively applicable to cases on collateral
review; or

(D) the date on which the factual
predicate of the claim or claims presented
could have been discovered through the exercise
of due diligence.

(2) The time during which a properly filed
application for State post-conviction or other
collateral review with respect to the pertinent
judgment or claim is pending shall not be
counted toward any period of limitations under
this subsection.

28 U.S.C. § 2244(d). An untimely successive petition is not

"properly filed" and thus does not toll the statute of limitations

of § 2254(d). *Banjo v. Ayers*, 614 F.3d 964, 968-69 (9th Cir.

2010).   In addition, "an application for federal habeas corpus

review is not an 'application for State post-conviction or other

collateral review' within the meaning of 28 U.S.C. § 2244(d)(2)"

and therefore the limitation period is not tolled "during the

pendency of [a] federal habeas petition." *Duncan v. Walker*, 533

U.S. 167, 181-82 (2001).

B. Exhaustion

The court may consider only those claims for which the

petitioner has fully exhausted his state court remedies. *Rose v.*

*Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b).  A petitioner must

give the state courts a fair opportunity to act on each of his

claims before he presents those claims in a federal habeas

5

petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995). A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings. *See Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey*, 653 F.2d 374, 376 (9th Cir. 1981).

A habeas petitioner must "present the state courts with the same claim he urges upon the federal court." *Picard v. Connor*, 404 U.S. 270, 276 (1971). The federal constitutional implications of a claim, not just issues of state law, must have been raised in the state court to achieve exhaustion. *Ybarra v. Sumner*, 678 F. Supp. 1480, 1481 (D. Nev. 1988) (citing *Picard*, 404 U.S. at 276)). To achieve exhaustion, the state court must be "alerted to the fact that the prisoner [is] asserting claims under the United States Constitution" and given the opportunity to correct alleged violations of the prisoner's federal rights. *Duncan*, 513 U.S. at 365; *see Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999). It is well settled that 28 U.S.C. § 2254(b) "provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court." *Jiminez v. Rice*, 276 F.3d 478, 481 (9th Cir. 2001) (quoting *Rose*, 455 U.S. at 520). "[G]eneral appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." *Hiivala*, 195 F.3d at 1106 (citations omitted). However, citation to state case law that applies federal constitutional principles will suffice. *Peterson v. Lampert*, 319

1  F.3d 1153, 1158 (9th Cir. 2003) (en banc).

2       A claim is not exhausted unless the petitioner has presented

3  to the state court the same operative facts and legal theory upon

4  which his federal habeas claim is based. *Bland v. Calif. Dept. Of*

5  *Corr.*, 20 F.3d 1469, 1473 (9th Cir. 1994). The exhaustion

6  requirement is not met when the petitioner presents to the federal

7  court facts or evidence which place the claim in a significantly

8  different posture than it was in the state courts, or where

9  different facts are presented at the federal level to support the

10  same theory. *See Nevius v. Sumner*, 852 F.2d 463, 470 (9th Cir.

11  1988); *Pappageorge v. Sumner*, 688 F.2d 1294, 1295 (9th Cir. 1982);

12  *Johnstone v. Wolff*, 582 F. Supp. 455, 458 (D. Nev. 1984).

13       C. Merits

14       28 U.S.C. § 2254(d) provides the legal standards for this

15  court's consideration of the merits of the petition in this case:

16            An application for a writ of habeas corpus
             on behalf of a person in custody pursuant to
17            the judgment of a State court shall not be
             granted with respect to any claim that was
18            adjudicated on the merits in State court
             proceedings unless the adjudication of the
19            claim –

20            (1)  resulted in a decision that was
             contrary to, or involved an unreasonable
21            application of, clearly established Federal
             law, as determined by the Supreme Court of the
22            United States; or

23            (2)  resulted in a decision that was based
             on an unreasonable determination of the facts
24            in light of the evidence presented in the State
             court proceeding.
25
      The AEDPA "modified a federal habeas court's role in reviewing
26
  state prisoner applications in order to prevent federal habeas
27
  'retrials' and to ensure that state-court convictions are given
28

                                    7

effect to the extent possible under law." *Bell v. Cone,* 535 U.S. 685, 693-694 (2002). This court's ability to grant a writ is limited to cases where "there is no possibility fair-minded jurists could disagree that the state court's decision conflicts with [Supreme Court] precedents." *Harrington v. Richter*, 562 U.S. 86, 102 (2011). The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* (citing *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003)); *see also Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (describing the AEDPA standard as "a difficult to meet and highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt") (internal quotation marks and citations omitted).

A state court decision is contrary to clearly established Supreme Court precedent, within the meaning of 28 U.S.C. § 2254, "if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [the Supreme Court's] precedent." *Andrade*, 538 U.S. 63 (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000), and citing *Bell v. Cone*, 535 U.S. 685, 694 (2002)).

A state court decision is an unreasonable application of clearly established Supreme Court precedent, within the meaning of 28 U.S.C. § 2254(d), "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's

case." *Andrade*, 538 U.S. at 74 (quoting *Williams*, 529 U.S. at 413). The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous; the state court's application of clearly established law must be objectively unreasonable. *Id.* (quoting *Williams*, 529 U.S. at 409).

To the extent that the state court's factual findings are challenged, the "unreasonable determination of fact" clause of § 2254(d)(2) controls on federal habeas review. *E.g.*, *Lambert v. Blodgett*, 393 F.3d 943, 972 (9th Cir. 2004). This clause requires that the federal courts "must be particularly deferential" to state court factual determinations. *Id.* The governing standard is not satisfied by a showing merely that the state court finding was "clearly erroneous." *Id.* at 973. Rather, AEDPA requires substantially more deference:

> .... [I]n concluding that a state-court finding is unsupported by substantial evidence in the state-court record, it is not enough that we would reverse in similar circumstances if this were an appeal from a district court decision. Rather, we must be convinced that an appellate panel, applying the normal standards of appellate review, could not reasonably conclude that the finding is supported by the record.

*Taylor v. Maddox*, 366 F.3d 992, 1000 (9th Cir. 2004); *see also* *Lambert*, 393 F.3d at 972.

Under 28 U.S.C. § 2254(e)(1), state court factual findings are presumed to be correct unless rebutted by clear and convincing evidence. The petitioner bears the burden of proving by a preponderance of the evidence that he is entitled to habeas relief. *Cullen*, 563 U.S. at 181.

9

D. <u>Ineffective Assistance of Counsel</u>

Ineffective assistance of counsel claims are governed by the two-part test announced in *Strickland v. Washington,* 466 U.S. 668 (1984). In *Strickland*, the Supreme Court held that a petitioner claiming ineffective assistance of counsel has the burden of demonstrating that (1) the attorney made errors so serious that he or she was not functioning as the "counsel" guaranteed by the Sixth Amendment, and (2) that the deficient performance prejudiced the defense. *Williams v. Taylor,* 529 U.S. 362, 390-91 (2000) (citing *Strickland,* 466 U.S. at 687). To establish ineffectiveness, the defendant must show that counsel's representation fell below an objective standard of reasonableness. *Id.* To establish prejudice, the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* A reasonable probability is "probability sufficient to undermine confidence in the outcome." *Id.* Additionally, any review of the attorney's performance must be "highly deferential" and must adopt counsel's perspective at the time of the challenged conduct, in order to avoid the distorting effects of hindsight. *Strickland,* 466 U.S. at 689. It is the petitioner's burden to overcome the presumption that counsel's actions might be considered sound trial strategy. *Id.*

Ineffective assistance of counsel under *Strickland* requires a showing of deficient performance of counsel resulting in prejudice, "with performance being measured against an objective standard of reasonableness,. . . under prevailing professional norms." *Rompilla v. Beard,* 545 U.S. 374, 380 (2005) (internal quotations and

10

citations omitted).  When the ineffective assistance of counsel claim is based on a challenge to a guilty plea, the *Strickland* prejudice prong requires a petitioner to demonstrate "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

If the state court has already rejected an ineffective assistance claim, a federal habeas court may only grant relief if that decision was contrary to, or an unreasonable application of, the *Strickland* standard. *See Yarborough v. Gentry,* 540 U.S. 1, 5 (2003).  There is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id.*

The United States Supreme Court has described federal review of a state supreme court's decision on a claim of ineffective assistance of counsel as "doubly deferential." *Cullen*, 563 U.S. at 189.  The Supreme Court emphasized that: "We take a 'highly deferential' look at counsel's performance. . . . through the 'deferential lens of § 2254(d).'" *Id.* at 190 (internal citations omitted).  Moreover, federal habeas review of an ineffective assistance of counsel claim is limited to the record before the state court that adjudicated the claim on the merits. *Id.* at 181-89.  The United States Supreme Court has specifically reaffirmed the extensive deference owed to a state court's decision regarding claims of ineffective assistance of counsel:

> Establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult. The standards created by *Strickland* and § 2254(d) are both "highly deferential," *id.* at 689, 104 S.Ct. 2052; *Lindh v. Murphy*, 521 U.S. 320, 333, n.7, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997), and

> when the two apply in tandem, review is
> "doubly" so, *Knowles*, 556 U.S. at ----, 129
> S.Ct. at 1420. The *Strickland* standard is a
> general one, so the range of reasonable
> applications is substantial. 556 U.S. at ----,
> 129 S.Ct. at 1420.  Federal habeas courts must
> guard against the danger of equating
> unreasonableness under *Strickland* with
> unreasonableness under § 2254(d). When §
> 2254(d) applies, the question is whether there
> is any reasonable argument that counsel
> satisfied *Strickland's* deferential standard.

*Harrington*, 562 U.S. at 105.  "A court considering a claim of

ineffective assistance of counsel must apply a 'strong presumption'

that counsel's representation was within the 'wide range' of

reasonable professional assistance."  *Id*. at 104 (quoting

*Strickland*, 466 U.S. at 689).  "The question is whether an

attorney's representation amounted to incompetence under prevailing

professional norms, not whether it deviated from best practices or

most common custom."  *Id*. at 105 (internal quotations and citations

omitted).

**III. Analysis**

    A.   "Ground One"

In his first ground for relief, petitioner asserts that trial

counsel was ineffective because, although petitioner told him that

he was suffering black-outs and "related symptoms of mental

disorder," counsel failed to: (1) get petitioner any treatment; (2)

request a competency hearing; (3) argue the mental disorder in

petitioner's defense; or (4) investigate the matter.[3]  Respondents

---

[3] Although Ground One contains other allegations, those allegations are the subject of petitioner's other grounds for relief.  Also, petitioner in all his grounds for relief asserts that he is actually innocent of the charges because he did not possess the vehicles.  The court has already held that a bare claim of actual innocence cannot be pursued in this case because petitioner waived such a claim by his guilty plea.  (Doc. #46 at 10).

argue that this claim is untimely because it was not included in petitioner's original timely filed petition and does not otherwise relate back to that petition.

The statute of limitations for petitioner's federal habeas petition in this case expired on May 19, 2010 – one year after the Nevada Supreme Court issued the remittitur on his first habeas appeal.[4]  Petitioner filed his original and first amended petition within the statute of limitations.  However, the second and third amended petitions were filed after the limitations period had expired.

Claims in an amended petition are considered timely if they "relate back," under Federal Rule of Civil Procedure 15(c), to a timely filed petition.  In the context of habeas corpus, claims in an amended petition relate back to the original petition if they arise out of "a common 'core of operative facts' uniting the original and newly asserted claims." *Mayle v. Felix*, 545 U.S. 644, 659 (2005).  "An amended habeas petition . . . does not relate back . . . when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Id.* at 650.

Petitioner's first ground for relief does not appear in any

---

[4]   Petitioner filed his first state habeas petition before his conviction became final and thus the statute of limitations did not begin to run until the Nevada Supreme Court resolved the petition, which it did by issuing the remittitur on May 19, 2009.  Although petitioner filed another state habeas petition before the statute of limitations expired, that petition did not toll the limitations period because the Nevada Supreme Court concluded the petition was both untimely and successive.

form in his original or first amended petitions.[5]  The assertion that petitioner told his attorney he was having mental problems and blackouts does not appear in either petition and is different in both time and type from the facts that are set forth in those petitions.  Accordingly, under the AEDPA, petitioner's first ground for relief is untimely.

The statute of limitations can be equitably tolled "in appropriate cases."  *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010).  A "petitioner is entitled to equitable tolling only if he shows: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."  *Id.* at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).  Equitable tolling is "unavailable in most cases," *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999) and "the threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule," *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (quoting *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000)).

Petitioner argues that he made every possible effort to timely file his petition and when represented by counsel was assured he was in compliance with relevant procedural rules.  (See Doc. #54). However, petitioner does not identify any "extraordinary circumstances" that prevented him from including this ground for relief in his original or first amended federal habeas petition.

---

[5] The original petition attempted to incorporate by reference the entirety of the petition filed in state court on June 1, 2007.  Even were this sufficient to plead the claims in the June 1, 2007, petition, that petition did not include any claim or assert any facts related to petitioner's alleged mental issues.

Petitioner was aware of the claim as far back as 2007 when he filed his first state habeas petition.  Had he wished to assert that claim in his federal habeas petition, which was filed in 2009, he could have done so.  Accordingly, there is no basis for equitably tolling the limitations period as to this claim.

    B. "Ground Three"

In his second ground for relief, entitled "Ground Three," petitioner asserts counsel was ineffective for advising him to waive his preliminary hearing.  Petitioner asserts that there was no evidence that he possessed the vehicles and therefore the charges would have been dismissed at the preliminary hearing.[6] Respondents argue that this claim is unexhausted.

Petitioner did not present this claim to the Nevada Supreme Court in either state habeas petition appeal.  It is therefore unexhausted.  The court, however, will deny this claim on its merits as it is plainly meritless.  *See Rhines v. Weber*, 544 U.S. 269, 277 (2005); *Cassett v. Stewart*, 406 F.3d 614, 624 (9th Cir. 2005) (holding the court may deny an unexhausted claim on the merits if it is "perfectly clear" that petitioner has "failed to present a colorable federal claim").  In order to "commit an accused to trial" at a preliminary hearing, the state is required "only to present enough evidence to support a reasonable inference that the accused committed the offense."  *Kinsey v. Sheriff*, 487 P.2d 340, 363 (Nev. 1971).  Petitioner has admitted in this action and elsewhere that he possessed each vehicle in question.  (Doc. #1

---

[6] Petitioner also asserts that he was not mentally competent to waive the preliminary hearing.  However, as with Ground One, this claim about petitioner's mental capacity was not raised in the original or first amended petition and is therefore untimely.

at 5, 9; Ex. 15 at 25).  It is therefore likely that the state had sufficient evidence to raise a reasonable inference of petitioner's guilt and extremely unlikely the charges would have been dismissed at the preliminary hearing.  Petitioner therefore cannot show prejudice.  In addition, petitioner was facing the habitual criminal enhancement, as well as additional potential charges, before his attorney negotiated the plea deal.  Under the enhancement, which the prosecutor intended to seek, petitioner was facing up to life in prison.  (Ex. 93).  It did not therefore fall below the wide range of professional conduct for trial counsel to advise petitioner to waive the preliminary hearing in order obtain the substantial benefit of avoiding the habitual criminal enhancement.  Petitioner presents no colorable claim of ineffective assistance of counsel in this regard and said claim is therefore denied.

C. Ground Four

Petitioner's third ground for relief, entitled "Ground Four," asserts that he did not knowingly and voluntarily enter his plea due to the ineffective assistance of counsel.  Specifically, he claims that although he was actually innocent of the charges, his attorney coerced him into pleading guilty by telling him that if he did not do so he would be adjudged a habitual criminal and face a much longer sentence, up to life.  In addition, he claims that his attorney told him that he had a relationship with the judge and had worked for him in the past.  Petitioner suggests that this information led him to believe the judge would give him a minimal sentence.

Respondents argue that this claim is not exhausted because,

although petitioner raised it in his first state habeas petition, on appeal he argued only that the district court erred in denying an evidentiary hearing on the claim.  The court does not agree. The Nevada Supreme Court clearly read the appeal to challenge both the denial of the underlying claims as well as the district court's refusal to conduct an evidentiary hearing.  (*See* Ex. 68 at 2 ("Sullivan challenges the district court's rulings on five claims of ineffective assistance of counsel *and further* argues that the district court erred by denying these claims without the benefit of an evidentiary hearing.") (emphasis added)).  Accordingly, the claim that petitioner was coerced into entering his guilty plea and promised a minimal sentence was exhausted.

Nonetheless, the claim is clearly without merit.  In rejecting this claim, the Nevada Supreme Court held:

> Our review of the record on appeal reveals that in each of the three written plea agreements Sullivan acknowledged that he may be imprisoned for a period of one to ten years; the State would be free to argue for an appropriate sentence; the sentences may be imposed to run consecutively or concurrently; he was satisfied with defense counsel's advice and representation; and his plea was not the result of any threats, coercion, or promises of leniency.  During the plea canvass, Sullivan told the district court that no one made any promises other than those contained in the negotiations to change his plea, no one had threatened him to induce his change of plea, he was changing his plea freely and voluntarily, and he understood he could face a possible maximum prison sentence of thirty years.  We also note that "a defendant's desire to plead guilty to an original charge in order to avoid the threat of the habitual criminal statute will not give rise to a claim of coercion." Schmidt v. State, 94 Nev. 665, 667, 584 P.2d 695, 696 (1978).  Under these circumstances, we conclude that Sullivan's contention is belied by the record and that the district court did not abuse its discretion by dismissing this contention without the benefit of an evidentiary hearing.

(Ex. 68 at 5-6).

It was not an unreasonable application of Supreme Court precedent to conclude that petitioner's admissions during his plea colloquy refutes his claim that he was coerced into pleading guilty.[7]  This claim is therefore denied.

D. "Amended Ground Three"

In his fourth ground for relief, entitled "Amended Ground Three," petitioner asserts that trial counsel was ineffective for failing to investigate the value of the Ford van.  Petitioner asserts the Ford van was worth less than $2,500.00 and attaches as evidence a Kelley Blue Book estimate and a CARFAX vehicle history report.[8]  Respondents argue that, although this claim was generally presented to the Nevada Supreme Court in both of petitioner's habeas petitions, the claim is not exhausted because the evidence on which petitioner now relies was not included in those petitions.

A petitioner may provide further facts in support of a claim to this court so long as those facts do not fundamentally alter the legal claim presented to the state courts.  *See Vasquez v. Hillery*, 474 U.S 254, 260 (1986); *Weaver v. Thompson*, 197 F.3d 359, 364-65 (9th Cir. 1999).  However, if the additional facts place the claim in a significantly different and stronger evidentiary posture than the one presented to the state courts, the claim is unexhausted. *See Aiken v. Spalding*, 841 F.2d 881, 884 n.3 (9th Cir. 1988).

_____

[7] Petitioner did not argue counsel's relationship with the judge before the Nevada Supreme Court.  However, to the extent this portion of the claim is unexhausted, it is plainly without merit for the same reasons as the rest of the claim.

[8] Petitioner describes this as "suspect evidence" that the sentencing court relied on, but to this extent the claim is unintelligible.  Far from being "suspect evidence," the evidence appears to support petitioner's contention that the Ford van was worth less than $2,500.00.

18

In petitioner's appeal of the denial of his first habeas petition, he argued that the Ford van was not worth more than $2,500.00, but he did not provide any evidence in support of that assertion.  The evidence he now presents places his claim in a stronger evidentiary posture, and thus the first habeas petition did not exhaust the instant claim.  However, although this evidence was not presented in connection with the first habeas petition, the district court conducted an evidentiary hearing on the second habeas petition at which an expert testified that the Ford van was worth substantially less than $2,500.00.  (Ex. 93A at 6-23) (Testimony of Richard West, III).  The evidence petitioner now relies on does not make petitioner's claim stronger or change the legal nature of his claim as presented in the second state habeas petition.  The court therefore concludes that this claim was exhausted by petitioner's second state habeas petition.

However, even if a claim is exhausted, the court cannot review it "if the Nevada Supreme Court denied relief on the basis of 'independent and adequate state procedural grounds.'"  *Koerner v. Grigas*, 328 F.3d 1039, 1046 (9th Cir. 2003).  The Nevada Supreme Court dismissed petitioner's second habeas petition as untimely and successive and therefore procedurally barred.

In *Coleman v. Thompson*, the Supreme Court held that a state prisoner who fails to comply with the state's procedural requirements in presenting his claims is barred from obtaining a writ of habeas corpus in federal court by the adequate and independent state ground doctrine.  *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991).  A state procedural bar is "adequate" if it is "clear, consistently applied, and well-established at the time of

19

the petitioner's purported default." *Calderon v. United States District Court (Bean)*, 96 F.3d 1126, 1129 (9th Cir. 1996).  A state procedural bar is "independent" if the state court "explicitly invokes the procedural rule as a separate basis for its decision." *Yang v. Nevada*, 329 F.3d 1069, 1074 (9th Cir. 2003). A state court's decision is not "independent" if the application of the state's default rule depends on the consideration of federal law. *Park v. California*, 202 F.3d 1146, 1152 (9th Cir. 2000).

Where such a procedural default constitutes an adequate and independent state ground for denial of habeas corpus, the default may be excused only if "a constitutional violation has probably resulted in the conviction of one who is actually innocent," or if the prisoner demonstrates cause for the default and prejudice resulting from it.  *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

To demonstrate cause for a procedural default, the petitioner must "show that some objective factor external to the defense impeded" his efforts to comply with the state procedural rule. *Murray*, 477 U.S. at 488.  For cause to exist, the external impediment must have prevented the petitioner from raising the claim.  *See McCleskey v. Zant*, 499 U.S. 467, 497 (1991).  With respect to the prejudice prong, the petitioner bears "the burden of showing not merely that the errors [complained of] constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension."  *White v. Lewis*, 874 F.2d 599, 603 (9th Cir. 1989), citing *United States v. Frady*, 456 U.S. 152, 170 (1982).

The Nevada Supreme Court dismissed petitioner's second

petition as successive and untimely under Nev. Rev. Stat. § 34.810
and § 34.726.  The Ninth Circuit has held that the Nevada Supreme
Court's application of the timeliness rule in § 34.726(1) is an
independent and adequate state law ground for procedural default.
*Moran v. McDaniel*, 80 F.3d 1261, 1268-70 (9th Cir. 1996); *see also*
*Valerio v. Crawford*, 306 F.3d 742, 778 (9th Cir. 2002). The Ninth
Circuit also has held that, at least in non-capital cases,
application of the successive petition rule of § 34.810(2) is an
independent and adequate state ground for procedural default.  *Vang*
*v. Nevada*, 329 F.3d 1069, 1074 (9th Cir. 2003); *Bargas v. Burns*,
179 F.3d 1207, 1210-12 (9th Cir. 1999).  The Nevada Supreme Court's
decision in this case did not depend on the application of federal
law in deciding that the claim was procedurally defaulted.
Accordingly, the Nevada Supreme Court relied on independent and
adequate state law grounds in dismissing petitioner's second state
habeas petition as untimely and successive.

Petitioner has not made a showing of actual innocence given
his earlier admissions that he possessed all three vehicles in
question.  To overcome the procedural bar, then, petitioner must
show cause and prejudice.  A review of the record reflects that
petitioner cannot show prejudice.  Petitioner argues that counsel
failed to investigate the value of the Ford van and that this meant
petitioner was sentenced to a Category B violation – with a higher
sentencing range – instead of Category C – the crime petitioner
admits he actually committed.  Contrary to the petitioner's
assertions, the record is clear that counsel was fully aware that
the Ford van was likely worth less than $2,500.00, but the
prosecutor intended to seek the habitual criminal enhancement and

would not accept any plea to a valuation less than $2,500.00
(Category B violation).  (*See* Ex. 93).  In order to negotiate a
plea agreement with the state – and avoid the habitual offender
enhancement – petitioner agreed to plead guilty to a Category B
violation fully aware of the consequences.  It is abundantly clear
that counsel's recommendation that petitioner enter the plea to
avoid the habitual criminal enhancement and a possible life
sentence did not fall below the standard of reasonable
representation.  Petitioner cannot overcome the procedural default
of this claim.

**IV. Certificate of Appealability**

     In order to proceed with an appeal, petitioner must receive a
certificate of appealability.  28 U.S.C. § 2253(c)(1); Fed. R. App.
P. 22; 9th Cir. R. 22-1;  *Allen v. Ornoski,* 435 F.3d 946, 950-951
(9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550,
551-52 (9th Cir. 2001).  Generally, a petitioner must make "a
substantial showing of the denial of a constitutional right" to
warrant a certificate of appealability. *Id.;* 28 U.S.C. §
2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).  "The
petitioner must demonstrate that reasonable jurists would find the
district court's assessment of the constitutional claims debatable
or wrong." *Id.* (quoting *Slack*, 529 U.S. at 484).  In order to meet
this threshold inquiry, the petitioner has the burden of
demonstrating that the issues are debatable among jurists of
reason; that a court could resolve the issues differently; or that
the questions are adequate to deserve encouragement to proceed
further.  *Id.*  When the defendant's claim is denied on procedural
grounds, a certificate of appealability should issue if the

petitioner shows: (1) "that jurists of reasons would find it debatable whether the petition states a valid claim of the denial of a constitutional right"; and (2) "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).

This court has considered the issues raised by petitioner, with respect to whether they satisfy the standard for issuance of a certificate of appealability, and determines that none meet that standard. The court will therefore deny petitioner a certificate of appealability.

**V. Conclusion**

In accordance with the foregoing, the petitioner's third amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (#47) is hereby **DENIED.** Any and all allegations and claims that have not been specifically discussed are without merit. Petitioner is **DENIED** a certificate of appealability. The clerk of the court shall enter judgment accordingly.

IT IS SO ORDERED.

DATED: This 17th day of March, 2016.

_____
UNITED STATES DISTRICT JUDGE